**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER CRANDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-252-JMB |
| ) | |
| DAVID VANDERGRIFF, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Christopher Crandall, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $2.78. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $8.50, and an average monthly balance of $13.92.[1] The Court will therefore assess an initial partial filing fee of $2.78, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at

---

[1] Plaintiff submitted two inmate account statements, one on February 28, 2022 (ECF No. 4) and another on March 11, 2022 (ECF No. 7). The February 28th statement covers the period beginning June 10, 2021 and ending February 10, 2022, and clearly reflects the deposit and balance amounts. The March 11th statement reflects the period from June 28, 2021 through February 10, 2022, but because the right-hand margin of the document is cut off, the deposit and balance information is not fully shown. Therefore, the Court used the February 28, 2022 statement to calculate the average monthly amounts.

678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against David Vandergriff, the warden of the ERDCC, in his official and individual capacity. Plaintiff seeks monetary relief from Vandergriff based upon claims of having "bladder issues," sustaining a "rash on hind Quarters," being "refused medical treatment," and suffering "psychological injuries due to the malice and inhumane treatment" by unidentified correctional officers. (ECF No. 1 at 4). Plaintiff sets forth his factual allegations in a document attached to the complaint. He alleges as follows.

3

On "Nov. 26th," corrections officers found contraband in plaintiff's cell, and plaintiff and his cell mate were given conduct violations. (ECF No. 1-3 at 1). Later, plaintiff "blew up and made the cell offline" after he was told he could not participate in recreation. *Id.* At approximately 9:00 p.m., he and his cell mate were "placed on the bench in the middle of the wing." *Id.* At approximately 11:45 p.m. or 12:00 a.m., plaintiff wet himself. Plaintiff writes: "The Correctional Officers (Co's) were notified beforehand that I had to use the restroom. I was refused at a cell and was told that was my chance to use the restroom, and that I wouldn't be able to use the restroom until I was in a cell." *Id.* Plaintiff alleges he had to sit in his wet clothing for "about 4 hours." *Id.* Later, plaintiff was placed in a cell with a cell mate who was an "alpha," which rendered him "incompatible" with plaintiff because plaintiff was a "sigma." *Id.* Plaintiff does not allege he had had any prior contact with or knowledge of that cell mate, nor does he allege the cell mate caused him any form of harm. Plaintiff states he "was refused a shower," but he does not state how long he had to wait.

Plaintiff makes no attempt to identify or even quantify the corrections officers involved. He does not allege the defendant was involved in, or even aware of, any of the foregoing events. Plaintiff does not allege he requested medical treatment from the defendant or anyone else, he does not allege he told anyone that he had a rash, and he does not allege anyone was aware he had a rash. He seeks $800,000 in damages to compensate him for "typical hardship and my 8th Amendment rights were violated I have PTSD due to being humiliated in front of others It was inhumane treatment." (ECF No. 1 at 5). He seeks no other form of relief.

After filing the complaint, plaintiff filed a supplement that contains a copy of a "Corrective Action Report" that shows plaintiff was found guilty of an offense and ordered to pay to replace a broken sprinkler and a broken duress button. (ECF No. 6). The supplement also

4

contains a "Case manager kite" in which plaintiff requested information about Informal Resolution Requests he filed, and requested documents. *Id.* at 2.

## Discussion

The Court first addresses plaintiff's official-capacity claims against Vandergriff. A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). According to the complaint, Vandergriff is the warden of the ERDCC and is therefore an agent of the Missouri Department of Corrections ("MDOC"), a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984). Additionally, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, the complaint fails to state a claim upon which relief may be granted against Vandergriff in his official capacity.

The complaint also fails to state a claim upon which relief may be granted against Vandergriff in his individual capacity. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Here, as noted above, plaintiff does not allege that Vandergriff was directly involved in or personally responsible for the alleged violations of his constitutional rights, or that he was even aware of them. Additionally, nothing in the complaint can be interpreted as an attempt to claim that Vandergriff failed to adequately train or supervise any offending actor, or

5

that he was involved in creating, applying, or interpreting a policy that gave rise to unconstitutional conditions. Instead, plaintiff's claims are clearly based upon a theory of *respondeat superior*, which is not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). *See Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018) (Vicarious liability is inapplicable to § 1983 suits.). To the extent plaintiff can be understood to demonstrate Vandergriff's personal involvement by identifying him as the warden of the ERDCC, such attempt fails. It is well settled that "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

As a result, the Court concludes that the complaint fails to state a claim upon which relief may be granted against Vandergriff in his official or individual capacity. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $2.78. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of May, 2021.

                                                                            _____
                                                                            HENRY EDWARD AUTREY
                                                                            UNITED STATES DISTRICT JUDGE